UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE *ex rel.* A.M.,<br>    *Plaintiff*,<br><br>v.<br><br>NANCY A. BERRYHILL, *Commissioner of the Social Security Administration*,<br>    *Defendant*. | No. 3:14-cv-1555 (JAM) |

**RULING DENYING MOTION TO REVERSE THE DECISION OF THE COMMISSIONER AND GRANTING MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER**

*Pro se* plaintiff Jane Doe, on behalf of her minor daughter, A.M., seeks an award of supplemental security income based on her claim that A.M. has been disabled since 2008 due to attention-deficit hyperactivity disorder, post-traumatic stress disorder, mood swings, and emotional disorder. An ALJ determined that A.M. was not disabled and denied the claim. The parties filed cross-motions for judicial review, and Magistrate Judge Joan G. Margolis issued a 43-page ruling (Doc. #19) recommending that I deny plaintiff's motion to reverse the decision of the Commissioner (Doc. #13) and that I grant defendant's motion to affirm the decision of the Commissioner (Doc. #14).

Plaintiff filed a timely objection (Doc. #20) to Judge Margolis's ruling. I assume familiarity with the factual record and governing law as described at length by Judge Margolis. *See also Frye ex rel. A.O. v. Astrue*, 485 F. App'x 484, 486-87 (2d Cir. 2012) (discussing legal framework applicable to claim on behalf of a child for supplemental security income under the Social Security Act). The Court "conduct[s] a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Moran v. Astrue*,

569 F.3d 108, 112 (2d Cir. 2009).

Plaintiff asserts several arguments in her objection to Judge Margolis's ruling. First, plaintiff argues that the ALJ "placed far too much emphasis on his own very limited interaction with the child at the hearing, the child's ability to hold a very rudimentary conversation with the 'ALJ' in determining the degree of limitation, non-substantial evidence of Dr. Fuess and state agency medical consultants Drs. Augenbaun and Leib, and far too little emphasis on the records, reports, and opinions of treating physicians, school psychologist and personnel when determining medical impairment and functionality." Doc. #20 at 3.

By asking me to second-guess how the ALJ weighted the evidence in this case, plaintiff's objection overlooks the limited scope of judicial review of an ALJ's decision. Absent a claim that the ALJ misstated or misapplied the law, my role is to determine solely if the ALJ's assessment of the evidence was supported by substantial evidence even if I might have weighed the evidence differently or reached a different conclusion. *See Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008); *Jacques v. U.S. R.R. Ret. Bd.*, 736 F.2d 34, 40 (2d Cir. 1984). "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." *See Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). I agree with Judge Margolis's detailed assessment of the evidence and how the ALJ's decision was supported by substantial evidence.

To the extent that plaintiff's objection as quoted above could be read to suggest that the ALJ failed to follow the treating physician rule, plaintiff does not identify the relevant treating physicians or further explain how the ALJ failed to abide by the treating physician rule. It appears instead that plaintiff's complaint is that "the ALJ relied on records that described the

positive aspects of the child's school performance and ignored reports from teachers that she required constant supervision in highly structured schools and treatment programs." Doc. #20 at 4; *see also id.* at 5 (arguing that the ALJ "only gave 'some weight' to the opinion of the child's classroom teacher and school psychologists that the child often had difficulty. . . ." and that "the classroom teacher had by far the most direct experience interacting with the child and that she was uniquely qualified to compare the child's abilities to that of a typical peer"). In any event, Judge Margolis's ruling describes at great length the opinions of medical and school personnel (Doc. #19 at 19–27), and I agree with Judge Margolis's point-by-point conclusions (Doc. #19 at 36–43) that substantial evidence supported the ALJ's conclusions notwithstanding evidence from some evaluations that was more favorable to plaintiff's position.

Plaintiff further contends that the ALJ gave too much weight to the testimony of Dr. Fuess as well as to the opinions of state agency medical consultants while rejecting the testimony of a court-appointed psychologist. Doc. #20 at 3. Based on my review of the ALJ's decision and its interpretation of the evidence, I conclude that the ALJ did not err as a matter of law with respect to his consideration of the medical testimony and evidence. Plaintiff does not explain why the facts or the law required the ALJ to weigh these opinions differently than he did.

Lastly, plaintiff contends that the ALJ erroneously discounted the testimony of A.M.'s mother and that an ALJ "may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence." Doc. #20 at 4; *see also id.* at 7 (same argument). That is not correct. An ALJ may engage in credibility determinations and may permissibly base such credibility determinations in part on the absence of corroborating evidence. *See, e.g.*, *Martin v. Astrue*, 337 F. App'x 87, 90 (2d Cir. 2009) (affirming ALJ credibility determination "that the objective medical evidence did not corroborate

3

[claimant's] subjective claims of disabling pain"); *see also Penfield v. Colvin*, 563 F. App'x 839, 840 (2d Cir. 2014) (same).

## CONCLUSION

For the reasons set forth above, I ADOPT and APPROVE the recommended ruling of Judge Margolis (Doc. #19). Plaintiff's motion to reverse or remand (Doc. #13) is DENIED, and defendant's motion to affirm the decision of the Commissioner (Doc. #14) is GRANTED. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven, Connecticut, this 28th day of August 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge